UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANVEER ALI,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ, et al,<br><br>Respondent. | CASE NO. 2:26-cv-04139-BAT<br><br>**ORDER GRANTING PETITION** |

Petitioner requests the Court order his immediate release on the grounds the immigration judge's (IJ) denial of bond was arbitrary and capricious. The Court **GRANTS** the petition.

Respondent does not contest the Court's jurisdiction, 28 U.S.C. § 2241(c)(3) to consider Petitioner's habeas challenge to his immigration detention. Rather Respondents first argue Petitioner must exhaust his administrative remedies, and he did not appeal the IJ's bond denial. The exhaustion requirement is prudential for habeas claims, *Arango Marquez v. I.N.S.*, 346 F.3d 892, 897 (9th Cir. 2003)), and may be required when (1) agency expertise makes agency consideration necessary to create a record to reach a proper decision; (2) relaxation of the requirement would encourage deliberate bypass of administrative remedies; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Here, an administrative appellate record is unnecessary to resolve

this habeas challenge; waiver of exhaustion will not encourage the deliberate bypass of the administrative scheme for future cases, the Court's ruling will resolve Petitioner's individual claim; and where the agency's position on the present issue is already set, and recourse to administrative remedies would be futile. The Court accordingly waives prudential exhaustion.

Second, Respondents argue the IJ complied with the Court's order directing a bond hearing by requiring the government to prove by clear and convincing evidence Petitioner is a flight risk or a danger to the community, and the IJ's denial of bond based upon a finding of flight risk is legally sufficient given the government's arguments Petitioner lacks ties to the United States, is subject to removal, and an earlier adverse credibility finding.

The Court reviews the IJ's bond determination as to dangerousness or flight risk for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). The Court does not reweigh the evidence but determines if the IJ applied the correct legal standard or is unsupported by sufficient evidence. *See Id*. at 785. In making bond determinations, IJs consider the so-called "Guerra factors": (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States. *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

The IJ found Petitioner posed a risk of flight. This finding must rationally bear on the

noncitizen's likelihood to appear for immigration proceedings. *Rodriguez-Pineda v. Hernandez*, No. C26-2367-MLP, 2026 WL 2321531, at *4 (W.D. Wash. Aug. 11, 2026). District courts examine whether the IJ explained their reasoning and conclusions and may find the IJ abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk." *Shevchuk v. Scott*, No. 2:26-CV-01872-SAB, 2026 WL 1802094, at *1 (W.D. Wash. June 23, 2026).

Here, the IJ found Petitioner posed a flight risk "given his limited time and ties and loss of relief." The ALJ provided no explanation for this finding, and the evidence Petitioner presented contradicts it in that Petitioner's long-time friend is a U.S. Citizen and will provide Petitioner support and housing, and Petitioner has other friends in the United States who also vouch for him. Petitioner clearly has significant ties to the country which the IJ neither discussed nor acknowledged. The IJ also indicated Petitioner posed a flight risk because of "loss of relief." The IJ provided no reasoned nexus between Petitioner's immigration status and the risk of flight he poses. The government argued Petitioner was a flight risk because he entered the country without presenting himself. But entry without presentation is not uncommon and not itself a clear and convincing basis to establish flight risk.

The Court accordingly finds the IJ erred as a matter of law in denying bond because there is no evidentiary nexus or reasoned explanation between the IJ's finding Petitioner is a flight risk and the facts before the IF. The facts before the IF in facts indicate that Petitioner has significant ties to the country and there are citizens who vouch for him and will provide him stable residence. The Court thus concludes the IJ's findings in denying bond are arbitrary and capricious and ORDERS:

1. The petition for writ of habeas corpus, Dkt. 1, is **GRANTED**.

2. Respondents shall **RELEASE** Petitioner from custody within 24 hours of the filing of this order and return his personal property.

3. Respondents shall **CERTIFY** Petitioner has been released within 48 hours of the filing of this order.

4. Petitioner may move for attorney fees and costs within the time required by the Equal Access to Justice Act.

.

DATED this 18th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge